UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| WILTON ALEJANDRO PICADO RIVERA, | ) ) ) | No. 5:26-cv-03411-JDE |
| Petitioner, | ) ) ) | ORDER REGARDING PETITION |
| v. | ) ) ) | |
| FERETI SEMAIA, et al., | ) ) ) | |
| Respondents. | ) ) | |

## I.

## PROCEEDINGS

On June 19, 2026, Wilton Alejandro Picado Rivera ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging his mandatory detention by immigration authorities under 8 U.S.C. § 1225(b)(2) without notice or an opportunity to be heard violates the Due Process Clause, the Immigration and Nationality Act ("INA"), and the judgment in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"). Dkt. 1 ("Petition" or "Pet."). He seeks his immediate release from custody; a declaration that his detention violates the INA, Bautista, and the Due Process Clause; an order enjoining Respondent from re-

detaining him unless his re-detention is ordered at a constitutionally adequate custody hearing before this Court in which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk and danger to the community; an order enjoining Respondents from transferring him outside this District while the Petition is pending; and attorney's fees and costs. Id. at 17. On June 26, 2026, Respondents filed an Answer, advising the Court that they "are not presenting an opposition argument to the habeas petition at this time." Dkt. 8.

Although the time to file an optional Reply has not expired, in light of Respondents' position, the Court finds it has sufficient information to rule on the Petition without further briefing. For the reasons set forth below, the Petition is granted, in part.

## II.
## BACKGROUND

Petitioner was born in Matagalpa, Nicaragua. Pet., Exh. B (Declaration of Petitioner ["Pet. Decl."]) ¶ 1. Petitioner has been in the United States since November 27, 2022. He entered the United States without inspection through Eagle Pass, Texas and immigration authorities granted him "parole." Id. ¶¶ 2, . He submitted an asylum application with U.S. Citizenship and Immigration ("USCIS"), which remains pending. Id. ¶ 3. Because his asylum application was filed with USCIS, he does not have an immigration court case. See Pet. ¶ 2; Pet. Decl. ¶ 5. In addition to parole, he has been granted work authorization and has no criminal record. Pet. Decl. ¶¶ 3, 6.

Petitioner has appeared for all scheduled appointments with U.S. Immigration and Customs Enforcement ("ICE"). At a scheduled appointment on May 26, 2026, ICE detained him and told him he was being detained because he "did not have any court with immigration." Pet. Decl. ¶ 5. He was not advised ICE was going to detain him and based on "information and

2

belief," he did not receive any notice or an opportunity to be heard before a neutral adjudicator prior to his re-detention. Pet. ¶ 47; Pet. Decl. ¶ 5. He remains in custody. Pet. Decl. ¶ 5.

Although provided an opportunity to challenge these facts by way of Answer, Respondents did not do so.

### III.

### DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

3

The Court finds Petitioner's due process rights were violated in the revocation of his parole. First, he has a significant liberty interest in remaining out of custody under his conditional parole. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates "an implicit promise," upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions of release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). Thus, "after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." Salazar v. Casey, 2025 WL 3063629, at *3 (S.D. Cal. Nov. 3, 2025) (quoting Pinchi, 792 F. Supp. 3d at 1032).

"Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was revoked without . . . giving [him] an opportunity to be heard." Faizyan, 2025 WL 3208844, at *7 (alterations in original) (quoting Salazar, 2025 WL 3063629, at *4); see also Singh v. Andrews, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (finding the risk of an erroneous deprivation of liberty was high where the petitioner had not received any bond or custody re-determination hearing). Under the circumstances here, "[c]ivil immigration detention is permissible only to prevent flight or protect against danger to the community." Pinchi, 792 F. Supp. 3d at 1035. There is no evidence that Petitioner's detention would serve either purpose. Since the "initial

determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed." Salazar, 2025 WL 3063629, at *4 (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.")). Petitioner contends he has appeared for all ICE appointments, is authorized to work in the United States, and has no criminal record. Pet. Decl. ¶¶ 3, 5-6. Respondents have neither disputed those assertions nor presented evidence of any material change in circumstances warranting reconsideration of Petitioner's parole. Indeed, as noted, Respondents concede they do not have an opposition argument to present. Dkt. 8.

Third, the government's interest in detaining Petitioner without a hearing is low here. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); Pinchi, 792 F. Supp. 3d at 1036 ("Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest.").

The Court finds the revocation of Petitioner's conditional parole deprived him of his due process rights and his detention at this time is unlawful. Faizyan, 2025 WL 3208844, at *7; Salazar, 2025 WL 3063629, at *5. Given that Respondents have not identified any material changes in circumstances or otherwise opposed Petitioner's procedural due process claim, the undersigned finds immediate release is warranted. See Faizyan, 2025 WL 3208844, at *7-8; Salazar, 2025 WL 3063629, at *6.

/ / /

/ / /

## IV.

## ORDER

IT IS ORDERED that Judgment shall be entered: (1) granting the Petition, in part, on Count Two and ORDERING Respondents to immediately release **Petitioner Wilton Alejandro Picado Rivera** from custody, subject to the conditions of his preexisting parole; and (2) denying the Petition without prejudice in all other respects as moot, lacking in support, and/or seeking speculative relief.

Dated: June 29, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

6